IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GREGORY GRAVES,

    Plaintiff,

v.

HENKELS & McCOY, INC.,

    Defendant.

OPINION and ORDER

24-cv-927-jdp

---

Plaintiff Gregory Graves worked as a groundman on a restoration crew for defendant Henkels & McCoy, Inc., a utility and infrastructure engineering company, until he was discharged in April 2019. Graves contends that Henkels & McCoy discriminated against him based on his race in violation of Title VII of the Civil Rights Act of 1964 and on the basis of disability under the Americans with Disabilities Act of 1990.

Henkels & McCoy moves to dismiss Graves's ADA claims. Dkt. 6. Henkels & McCoy contends that Graves's ADA claims are untimely because he didn't present his disability claims to Wisconsin's Equal Rights Division within 300 days of the alleged unlawful employment practice, as required under the ADA. The parties agree that Graves filed a timely charge of race discrimination with the Equal Rights Division. But Graves raised disability discrimination only in two amended charges. The amended charges are not elaborations of Graves's timely filing; they raise entirely new claims of discrimination. The court concludes that one of the amendments is untimely, and the other fails to allege disability discrimination against Henkels & McCoy. The court will grant Henkels & McCoy's motion to dismiss Graves's ADA claims. The case will proceed with his race discrimination claim only.

BACKGROUND

The following allegations are taken from Graves's complaint and are accepted as true for the purpose of Henkels & McCoy's motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The parties submitted copies of Graves's initial charge with the Equal Rights Division and his amendments to that charge in their motion to dismiss filings. *See* Dkt. 9; Dkt. 10; Dkt. 14. The court may consider these documents without converting the motion to dismiss into one for summary judgment because Graves refers to the documents in his complaint, and they are central to his claims. *See Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014).

Graves injured his knee at work and was placed on medical restrictions. He asked to be assigned light-duty work meeting these restrictions, but Henkels & McCoy said that no such work was available. Graves couldn't work until after his knee surgery. Henkels & McCoy asked Graves for documentation of his ability to work or risk termination. Graves's physician allowed him to return to work with restrictions. Henkels & McCoy sent Graves a letter, dated April 23, 2019, informing him that he had been discharged, effective April 20, 2019.

Title VII and the ADA require individuals to file a charge of discrimination with the Equal Employment Opportunity Commission within 180 days of the alleged unlawful employment practice, or, alternatively, with the state employment administrative agency within 300 days. 42 U.S.C. § 2000e-5(e)(1).

On May 24, 2019, Graves filed his initial charge with Wisconsin's Equal Rights Division, alleging that Henkels & McCoy discriminated against him because of his race. Specifically, Graves alleged that Henkels & McCoy did not give him a pay raise or transfer him to another department, despite Graves having completed an operator apprenticeship program

through his union, IBEW 2150. Graves cross-filed this initial charge with the Equal Employment Opportunity Commission.

Graves says he filed two purported amendments to his initial charge. First, Graves filed an amendment on February 22, 2020. Graves's February 22 amendment identified IBEW 2150 as the respondent, and it alleged disability discrimination and age discrimination. Graves attached a narrative to the amendment, in which he alleged that IBEW 2150 told him that Henkels & McCoy would give him a pay increase or move him to a crew to operate equipment after he completed the operator apprenticeship program. He also alleged that Henkels & McCoy had no intention of changing his classification from "groundman" to "operator trainee."

Second, Graves filed an amendment on March 12, 2020, alleging age discrimination. Graves's March 12 amendment identified Henkels & McCoy as the respondent. Graves also attached a narrative to his March 12 amendment, which stated:

> Also FMLA – Other employees that had injured themselves at Henkel's and McCoy were offered light duty. The light duty consisted of paperwork, office work, cleaning the warehouse etc. When I was released to light duty I was informed that there was no light duty work. I also was told that I couldn't return to work till I was able to return to full duty. I was also informed by letter for me to reapply to Henkels & McCoy at their website.

Dkt. 10, at 3.

On May 8, 2020, the Equal Rights Division issued its initial determination regarding whether there was probable cause to believe Graves's allegations against Henkels & McCoy. The initial determination addressed Graves's original charge and his March 12 amendment. It did not discuss Graves's February 22 amendment, which had named IBEW 2150 as the respondent. The initial determination indicated that Graves "did not include a claim for disability discrimination in his complaint or amended complaint." Dkt. 14, Ex. 4, at 3.

3

The Equal Employment Opportunity Commission issued Graves his right to sue letter on September 30, 2024. Graves timely filed this lawsuit on Monday, December 30, 2024.

The court will discuss additional allegations as they become relevant to the analysis.

ANALYSIS

Henkels & McCoy moves to dismiss Graves's ADA claims as untimely. Dkt. 6. This is an affirmative defense. *See Salas v. Wis. Dep't of Corrs.*, 493 F.3d 913, 921–22 (7th Cir. 2007). Henkels & McCoy must show that Graves's complaint—with the documents the court may consider on a motion to dismiss—unambiguously establishes the affirmative defense. *See Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016).

**A. Whether Graves's amendments were filed within the 300-day deadline**

Graves says he filed two amendments to his initial charge: one on February 22, 2020; the other on March 12, 2020. The first question is whether Graves filed the amendments within the 300-day deadline to do so. 42 U.S.C. § 2000e-5(e)(1). The clock starts when the unlawful employment practice at issue occurs. In the context of a termination, the unlawful employment practice occurs when the employer has both made a final decision to terminate the employee *and* given that employee unequivocal notice of its decision. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 637 (7th Cir. 2004).

Graves submits his discharge letter from Henkels & McCoy, which indicates that Graves's discharge was effective April 20, 2019, and that Henkels & McCoy dated the letter on April 23, 2019. Dkt. 14, Ex. 5. But Graves does not say when he received the letter. Graves submits a declaration in his opposition filing in which he avers that he "would have received

4

[the letter] in the mail after [April 23, 2019]," and that, in his experience, it takes "many days" after Henkels & McCoy issues letters for him to receive them. Dkt. 14, ¶ 9.

Without knowing when Graves received his discharge letter, the court cannot determine precisely when the unlawful employment practice occurred. But given the date on Henkels & McCoy's discharge letter, April 23, 2019, it is not plausible that Graves did not receive the discharge letter until after May 17, 2019, which is 300 days before March 12, 2020. *Cf. Loyd v. Sullivan*, 882 F.2d 218, 218 (7th Cir. 1989) (per curiam) ("[U]nless proven otherwise, the receipt date is presumed to be five days from the mailing date."). The court concludes that Graves's March 12 amendment was filed more than 300 days after the unlawful employment practice and is therefore untimely.

Graves's February 22 amendment is a closer call. It is plausible that Graves received Henkels & McCoy's discharge letter after April 28, 2019, which is 300 days before February 22, 2020. But Graves's February 22 amendment is fatally flawed for a different reason: Graves didn't name Henkels & McCoy as the source of the alleged discrimination; he named his union, IBEW 2150. *See* Dkt. 14, Ex. 2, at 2. The general rule is that individuals cannot sue parties that they didn't name in their Equal Employment Opportunity Commission charges. A narrow exception to the general rule applies when an unnamed party has notice of the charges against it and an opportunity to conciliate on its own behalf. *See Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126–127 (7th Cir. 1989).

Henkels & McCoy asserts that it "had never seen [Graves's] ERD complaint against the Union until Plaintiff filed it with his opposition papers to this motion." Dkt. 17, at 2. That assertion is outside the record the court may consider on a motion to dismiss. But even if Henkels & McCoy had notice of Graves's February 22 amendment, it didn't have notice that

5

Graves was raising a disability discrimination claim *against it*. Graves checked the disability discrimination box in his February 22 amendment. Dkt. 14, Ex. 2, at 2. And the narrative supporting his February 22 amendment references Henkels & McCoy. *See id.* at 3. But the narrative contains no allegations supporting a disability discrimination claim. *See id.* Nor does it identify Henkels & McCoy as the source of any disability discrimination. *See id.* Instead, it expands on the allegations in Graves's initial complaint, in which he alleged that Henkels & McCoy discriminated against him based on his race by not giving him a pay raise or transferring him to another department. *See id.*

Graves cannot rely on his February 22 amendment to demonstrate that he timely amended his initial charge to raise disability discrimination charges against Henkels & McCoy.

**B.  Whether Graves's March 12 amendment relates back to his initial charge**

Graves's March 12 amendment was untimely, but it would nevertheless be properly before the court if it related back to Graves's initial charge. The court can be succinct, because "an untimely amendment that alleges an entirely new theory of recovery does not relate back to a timely filed original charge." *Fairchild v. Forma Sci., Inc.*, 147 F.3d 567, 575 (7th Cir. 1998).

In Graves's initial charge, he alleged that Henkels & McCoy discriminated against him based on his race by not giving him a pay raise or transferring him to another department. *See* Dkt. 9. In his March 12 amendment, Graves alleged that Henkels & McCoy discriminated against him based on his disability because it failed to accommodate his knee injury by giving him light-duty work. *See* Dkt. 10. Graves's March 12 amendment not only asserts a new theory of liability, but it also includes factual allegations entirely separate from those in his initial charge. Graves's March 12 amendment does not relate back to his race discrimination charge.

6

Graves is precluded from bringing ADA claims in his federal complaint. *See Fairchild*, 147 F.3d at 576. The court will grant Henkels & McCoy's motion to dismiss those claims.

ORDER

IT IS ORDERED that: Defendant Henkels & McCoy's motion to dismiss Graves's ADA claims, Dkt. 6, is GRANTED.

Entered December 22, 2025.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge